UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE FOURTH CIVIL COURT FOR INTELLECTUAL AND INDUSTRIAL PROPERTY RIGHTS IN INSTANBUL, TURKEY IN THE MATTER OF AVEA ILETISIM HIZMETLERI A.S. ABDI IPEKCI CADDESI, CASE NO. 2014/203 | Case No.  15-mc-80171-MEJ<br><br>**ORDER GRANTING APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

## INTRODUCTION

The United States petitions this Court for an order pursuant to 28 U.S.C. § 1782 appointing Assistant United States Attorney Jennifer S. Wang as Commissioner and authorizing her to obtain information from persons or entities located within the jurisdiction of this Court as requested in a letter rogatory from the Fourth Civil Court for Intellectual and Industrial Property Rights in Istanbul, Turkey ("Turkey Court").  Dkt. No. 1.  For the reasons stated below, the Court **GRANTS** the request.

## BACKGROUND

The Turkey Court is currently considering a trademark infringement case brought by Avea Iletisim Hizmetleri A.S. against the blogger of www.aveasohbetnumaralari.wordpress.com, case file no. 2014/203.  Wang Decl., Ex. A, Dkt. No. 1-2.  The Turkey Court has issued a letter rogatory requesting that the United States Attorney obtain the identity and contact information of the user of the blog, which is owned by Automattic, Inc., for use in the proceedings. *Id.* Automattic, Inc. is located at 132 Hawthorne Street, San Francisco, California.  Wang Dec., Ex. A.

## LEGAL STANDARD

"The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . ."  28 U.S.C. § 1782(a).  Such order may be made "pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal . . . and may direct that the testimony or statement be given, or the document or other thing be produced, before

a person appointed by the court." *Id.* "Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte." *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976).

However, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). "In exercising its discretion, a district court should consider the following factors: (1) whether the 'person from whom discovery is sought is a participant in the foreign proceeding'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance'; (3) whether the request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is 'unduly intrusive or burdensome.'" *Matter of Appl. of O2CNI Co., Ltd.*, 2013 WL 4442288, at *5 (N.D. Cal. Aug. 15, 2013) (quoting *Intel Corp.*, 542 U.S. at 264-65). "[D]istrict courts must exercise their discretion under § 1782 in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts . . . ." *Schmitz v. Bernstein Liebhard & Lifshitz, LLP.*, 376 F.3d 79, 84 (2d Cir. 2004) (internal citations and quotations omitted).

## DISCUSSION

"When considering an application for discovery pursuant to 28 U.S.C. § 1782, the Court considers first whether it has the authority to grant the request and then whether it should exercise its discretion to do so." *O2CNI*, 2013 WL 4442288, at *5.

### A. Statutory Authority

The district court has subject-matter jurisdiction over this matter specially conferred by 28 U.S.C. § 1782, and has personal jurisdiction over this case because Automattic, Inc. is located in San Francisco, in the Northern District of California. *See In re Letter Rogatory from Local Court of Ludwigsburg, Fed. Republic of Germany in Matter of Smith*, 154 F.R.D. 196, 199 (N.D. Ill. 1994). Further, the information sought is "for use" in the Turkey Court's proceedings, and the

application is "made pursuant to a letter rogatory issued . . . by a foreign . . . tribunal." 28 U.S.C. § 1782(a). There is no reason at this point to anticipate that the information requests will "compel[]" any person "to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege." *Id.* The Court therefore has the authority to grant the request.

**B.      Discretion**

Applying the *Intel* factors, the Court finds that the application should be granted. Since Automattic, Inc. is a "nonparticipant[] in the foreign proceeding," it "may be outside the foreign tribunal's jurisdictional reach; hence, [its] evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel Corp.*, 542 U.S. at 264. Second, "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," are all factors which weigh in favor of granting the request, which comes from a foreign court that has specifically requested American federal assistance with a currently pending proceeding. *Id.* Third, there is no reason to suspect that "the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id.* at 265. Finally, especially since the United States has specifically identified the records it will seek, the information sought in the letter rogatory should be obtainable without requiring any "unduly intrusive or burdensome" requests. *Id.*

## CONCLUSION

Pursuant to 28 U.S.C. § 1782, the Court hereby **ORDERS** that Assistant U.S. Attorney Jennifer S. Wang is appointed as Commissioner, that Ms. Wang is authorized to issue subpoenas reasonably necessary to obtain the information sought in the letter rogatory, and to take all steps reasonably necessary for the accomplishment of the letter rogatory.

**IT IS SO ORDERED.**

Dated: June 22, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge